**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

GREENWOOD MOTOR LINES, INC. D/B/A R+L CARRIERS,

*Plaintiff*,

vs.

SETNA IO, LLC,

*Defendant*.

Case No. 1:25-cv-445

Judge Jeffery P. Hopkins

---

**OPINION AND ORDER**

---

Plaintiff R+L Carriers ("Plaintiff" or "R+L") filed this action against Defendant Setna IO, LLC ("Defendant" or "Setna") seeking to recover unpaid freight charges and to resolve a dispute concerning an alleged cargo-damage claim. R+L alleges that Setna agreed to R+L's Rules Tariff—including its forum-selection and consent-to-jurisdiction provision—and that this provision supplies the basis for personal jurisdiction in this Court. Setna does not agree. This matter is before the Court on Setna's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 16). Greenwood Motor Lines Inc. d/b/a R+L Carriers has filed a Response in Opposition (Doc. 17) and Defendant has filed a Reply (Doc. 18). For the reasons set forth below, the Court **DENIES** Defendant's Motion to Dismiss (Doc 16).

## I. BACKGROUND

R+L is a South Carolina corporation that operates as a for-hire motor carrier of goods by truck in interstate, intrastate, and foreign commerce. Am. Compl., Doc. 14, ¶ 2. Its principal place of business is in Wilmington, Ohio. *Id.* Setna is an Illinois limited liability company with its principal place of business or headquarters in Lincolnshire, Illinois. *Id.* ¶ 3.

According to the Amended Complaint, R+L and Setna concluded negotiations and entered into a contractual arrangement on or about December 17, 2024. *Id.* ¶ 9. Under that arrangement, R+L agreed to provide truck transportation services for Setna between various points in the United States. *Id.* In exchange, Setna was to pay freight charges determined by R+L's "Rules Tariff" and by certain rate-discount provisions R+L issued for Setna's benefit. *Id.* Beginning on or about January 10, 2025, Setna allegedly tendered a series of shipments to R+L for transportation. *Id.* ¶ 10. R+L alleges that Setna prepared a "Web Pro" bill of lading for each shipment using an R+L-maintained internet portal. *Id.* ¶¶ 11–12. The portal allegedly gave Setna direct access to R+L's Rules Tariff then in effect, and the individual tariff provisions applicable to Setna's shipments stated that they were "Subject to" R+L's Rules Tariff. *Id.* ¶ 13.

The Rules Tariff allegedly incorporated into the parties' arrangement contains an item governing dispute resolution ("Item 169"). Item 169 provides, in relevant part, that disputes regarding the interpretation, application, or enforceability of the tariff or the carrier's handling of cargo claims are governed by federal transportation law and Ohio law. *Id.* ¶ 8. It further provides that "any action must be brought exclusively, as appropriate, in the United States District Court for the Southern District of Ohio or a state court located in Clinton County, Ohio," and that each party "agrees to personal and subject matter jurisdiction in either court." *Id.* R+L alleges that Setna thereby consented to personal jurisdiction in this Court. *Id.* ¶¶ 7–8.

Setna challenges that assertion in its Motion to Dismiss. It contends that the bills of lading were the operative contractual documents, that neither the bills of lading nor the bill-of-lading webpage contained Item 169, and that the Rules Tariff was not conspicuously

incorporated into the parties' agreement. Doc. 16, PageID 79–81. Setna maintains that a customer could complete a bill of lading through R+L's website without being directed to the Rules Tariff and that finding the tariff required additional navigation through the website. *Id.* at PageID 80. Setna therefore contends that it did not receive adequate notice of or assent to Item 169's forum-selection and consent-to-jurisdiction terms. *Id.* at PageID 80–81. As a result, Setna ultimately asks this Court to dismiss this case for lack of personal jurisdiction.

R+L responds that Setna waived its personal-jurisdiction defense by omitting it from an earlier motion to dismiss.[1] Doc. 17, PageID 234. R+L further contends that Setna is a sophisticated commercial shipper that agreed to transportation charges governed by the Rules Tariff, maintained and used an R+L web account to create bills of lading, and shipped repeatedly with R+L under the parties' arrangement. *Id.* at PageID 234–35. R+L additionally points to a later-filed action in the Northern District of Illinois, in which Setna sued R+L and attached or relied upon provisions of R+L's Rules Tariff. *Id.* at PageID 234–35. R+L contends that Setna's use of the Rules Tariff in that action confirms that Setna knew the tariff was part of the parties' agreement. *Id.*

Against that backdrop, the Court turns to whether Setna waived its personal-jurisdiction defense and, if not, whether Setna consented to personal jurisdiction in this Court through Item 169 or otherwise has sufficient contacts with Ohio to support the exercise of personal jurisdiction.

[1] On August 13, 2025, Setna moved to dismiss the original Complaint for lack of subject-matter jurisdiction. Doc. 10. Before the Court resolved that motion, R+L filed its Amended Complaint on September 2, 2025. Doc. 14. The Court therefore denied Setna's motion as moot. *See* Doc. 15.

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may move for dismissal for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When a court decides a motion under Rule 12(b)(2): "The plaintiff must first make a prima facie case, which can be done merely through the complaint. The burden then shifts to the defendant, whose motion to dismiss must be properly supported with evidence. Once the defendant has met the burden, it returns to the plaintiff, who may no longer stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 504 (6th Cir. 2020) (citations omitted). "The party seeking to establish the existence of personal jurisdiction bears the burden to establish such jurisdiction, over each defendant independently." *Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014) (citations and internal quotations omitted).

### B. Rule 12(g) and Rule 12(h)

A party has a limited window to challenge personal jurisdiction under Rule 12(b)(2). Rule 12(h)(1)(A) provides that a party waives a defense of lack of personal jurisdiction by omitting it from a motion in the circumstances described in Rule 12(g)(2). Fed. R. Civ. P. 12(h)(1)(A). Federal Rule of Civil Procedure 12(g)(2) generally prohibits a party that has made a Rule 12 motion from later making another Rule 12 motion "raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Rule 12's consolidation requirement is intended to prevent piecemeal pre-answer motion practice. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701, n.3 (6th Cir. 1978). Accordingly, a defendant seeking to contest personal jurisdiction ordinarily must raise that objection at its

first defensive move, whether in a Rule 12 motion or in its responsive pleading. *Id*. at 701; *English v. Dyke*, 23 F.3d 1086, 1090 (6th Cir. 1994).

## III. LAW AND ANALYSIS

### A. Waiver of Personal-Jurisdiction Defense

R+L contends that Setna waived its objection to personal jurisdiction when it filed a Rule 12(b)(1) motion directed to the original Complaint but did not include a Rule 12(b)(2) objection. Doc. 17, PageID 237–38. Setna responds that its earlier motion was limited to subject-matter jurisdiction and therefore did not waive its subsequently asserted personal-jurisdiction defense. Doc. 18, PageID 271–73. The Court agrees with R+L.

#### *1. Setna was required to raise personal jurisdiction in its first defensive motion.*

Rule 12(g)(2) provides that, with exceptions not applicable here, "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Rule 12(h)(1)(A) correspondingly provides that a party waives a defense of lack of personal jurisdiction by "omitting it from a motion in the circumstances described in Rule 12(g)(2)." Fed. R. Civ. P. 12(h)(1)(A).

The language contained in Rules 12(g)(2) and 12(h)(1)(A) has broad implications and can serve as a trap for the inobservant. Rule 12(g)(2) applies when a party "makes a motion under this rule"; it does not limit its consolidation requirement to a defendant's first motion brought under particular subsections of Rule 12. Fed. R. Civ. P. 12(g)(2). Thus, when a defendant elects to make a pre-answer Rule 12 motion, it generally must consolidate all then-available defenses and objections that Rule 12 permits it to raise by motion. The consequences of failing to do so, however, depend upon the omitted defense. As relevant here, Rule

12(h)(1)(A) provides that a defendant waives an available objection to personal jurisdiction—a defense identified in Rule 12(b)(2)—when it omits that objection from a motion in the circumstances described in Rule 12(g)(2). Fed. R. Civ. P. 12(b)(2), (g)(2), (h)(1)(A).

Sixth Circuit precedent is consistent with this reading. In *Rauch*, the Circuit explained that Rule 12 requires a defendant seeking to challenge personal jurisdiction to do so at its "first defensive move," either in a Rule 12 motion or in the responsive pleading. *Rauch*, 576 F.2d at 701. Rule 12(g), the Circuit observed, "contemplates the presentation of an omnibus pre-answer motion in which defendant advances every available Rule 12 defense and objection he may have that is assertable by motion." *Id*. at 701 n.3. The purpose of that requirement is to prevent a defendant from delaying its responsive pleading by presenting available defenses "in piecemeal fashion." *Id*. *English*, another Sixth Circuit decision, likewise recognizes that Rule 12(g) requires an "omnibus pre-answer motion" encompassing each available Rule 12 defense that may be asserted by motion. *English*, 23 F.3d at 1090 (quoting *Rauch*, 576 F.2d at 701)). A defendant therefore may not reserve an available Rule 12 defense for a later pre-answer motion. *Id*.

Setna's first defensive motion was its motion to dismiss the original Complaint under Rule 12(b)(1). Doc. 10. Before then, Setna had moved only for leave for counsel to appear pro hac vice. Doc. 4. That ministerial filing was neither a Rule 12 motion nor a responsive pleading and has no effect on the Rule 12(g)(2) analysis. When Setna filed its original motion to dismiss, the original Complaint expressly alleged that Setna consented to personal jurisdiction in this Court through Item 169 of R+L's Rules Tariff. Compl., Doc. 1, ¶¶ 5–6. The Complaint further alleged that the parties adopted the Rules Tariff and quoted Item 169 in full. *Id*. ¶ 6. And as noted, Item 169 provides that covered actions "must be brought

exclusively, as appropriate, in the United States District Court for the Southern District of Ohio or a state court located in Clinton County, Ohio." *Id*. It also provides that "[e]ach party agrees to personal and subject matter jurisdiction in either court." *Id*.

Setna's current Rule 12(b)(2) motion challenges that same consent-based jurisdictional theory, which should have been combined with its first defensive motion. Senta argues that Item 169 was not incorporated into the parties' contract, was not contained in the bills of lading, and was insufficiently conspicuous to establish its assent. Doc. 16, PageID 80–81. Those objections were known, readily available, and assertable when Setna made its first Rule 12 motion. Thus, under *Rauch* and Rule 12(g)(2), Setna is prohibited from omitting its jurisdictional theory in the original motion to dismiss only to now raise it, piecemeal, in a subsequent Rule 12 motion. Fed. R. Civ. P. 12(g)(2).

2. *Innovation Ventures does not exempt a Rule 12(b)(1) Motion from Rule 12's consolidation requirement.*

Setna relies on *Innovation Ventures*, to argue that a Rule 12(b)(1)-only motion does not waive a later personal-jurisdiction defense. Doc. 18, PageID 272–73. The Court does not read *Innovation Ventures* so broadly.

In *Innovation Ventures*, the Sixth Circuit addressed waiver in two separately captioned actions arising from the same dispute. *Innovation Ventures, LLC v. Custom Nutrition Laboratories, LLC*, 912 F.3d 316, 331–32 (6th Cir. 2018). In the "Secondary Case," the relevant defendant filed an initial motion to dismiss "pursuant to" Rules 12(b)(2) and 12(b)(6), but did not actually advance a personal-jurisdiction argument. *Id.* at 333. The Sixth Circuit held that the defendant waived personal jurisdiction by failing to raise the defense in its initial Rule 12 motion. *Id*. The court rejected the defendant's claim that the defense was unavailable when it filed that motion. *Id*. In the course of that analysis, the Sixth Circuit stated: "Similarly, if a

defendant makes a motion under Rule 12(b)(2) to (5) but does not raise lack of personal jurisdiction, any objection is waived by operation of Rule 12(h)(1)." *Id*. (quoting *Means v. United States Conference of Catholic Bishops*, 836 F.3d 643, 648–49 (6th Cir. 2016)). That sentence describes the factual setting then before the court: a motion expressly invoking Rule 12(b)(2), among other provisions, in which the defendant failed to pursue a personal-jurisdiction objection. It did not resolve whether a defendant that instead makes a Rule 12(b)(1)-only motion may reserve an available Rule 12(b)(2) defense for a later motion.

Neither *Innovation Ventures* nor *Means* considered the application of Rule 12(g)(2) to a Rule 12(b)(1)-only motion. Neither decision analyzed the phrase "a motion under this rule" in Rule 12(g)(2), nor did either hold that Rule 12(b)(1) motions are excluded from that provision's consolidation mandate. The Court therefore declines to read the quoted language as creating an implied exception that does not appear in the Rules' text.

That reading would conflict with Rule 12(g)(2), which applies when a party makes "a motion under this rule," without limiting its operation to motions under Rules 12(b)(2) through 12(b)(5). Fed. R. Civ. P. 12(g)(2). It would also be inconsistent with *Rauch* and *English*, which require a defendant to raise personal jurisdiction at its first defensive move and prohibit piecemeal presentation of available Rule 12 defenses. *Rauch*, 576 F.2d at 701 n.3; *English*, 23 F.3d at 1090.

3. *<u>The Amended Complaint did not revive Setna's waived defense.</u>*

R+L filed the Amended Complaint after Setna filed the original motion to dismiss, and the Court consequently denied the earlier motion as moot. Am. Compl., Doc. 14; Doc. 15. That procedural sequence does not preserve Setna's personal-jurisdiction defense because the amendment did not materially alter R+L's jurisdictional theory.

The original Complaint alleged that Setna consented to personal jurisdiction through Item 169 of R+L's Rules Tariff. Compl., Doc. 1, ¶¶ 5–6. It quoted Item 169's provision requiring suit in this Court or an Ohio state court in Clinton County and providing that each party agreed to personal jurisdiction in either court. *Id.* ¶ 6. The Amended Complaint advances the same theory, based on the same tariff provision and materially identical language. Am. Compl., Doc. 14, ¶¶ 7–8.

The relevant inquiry under Rule 12(g)(2) is whether the defense was available, and should have been asserted, when Setna filed its earlier Rule 12 motion. Fed. R. Civ. P. 12(g)(2). It was. Setna does not contend that the Amended Complaint newly introduced Item 169, altered the forum-selection language, or asserted a materially different basis for personal jurisdiction. Rather, Setna's present motion contests the exact same asserted consent to jurisdiction that R+L pleaded in the original Complaint. Doc. 16, PageID 80–81.

An amended complaint does not revive a Rule 12 defense that was available but omitted before the amendment where the amendment does not materially change the claim or jurisdictional theory to which the defense applies. *Williamson v. Recovery Ltd. Partnership*, No. C2-06-292, 2009 U.S. Dist. LEXIS 99670, at *9–10 (S.D. Ohio Sept. 30, 2009) (citing 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, § 1388). The fact that the Court denied the original motion to dismiss as moot does not alter the Rule 12(g)(2) analysis. The waiver results from Setna's omission of an available personal-jurisdiction defense from its first Rule 12 motion, not from adjudication of the merits of that earlier motion. Accordingly, Setna waived its objection to personal jurisdiction by omitting that available defense from its original motion to dismiss. Fed. R. Civ. P. 12(g)(2), (h)(1)(A).

## IV. CONCLUSION

For the reasons set forth above, the Court therefore **DENIES** Setna's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 16).

**IT IS SO ORDERED.**

September 25, 2026

Jeffery P. Hopkins
United States District Judge